Carolyn Hunt Cottrell (SBN 166977)
ccottrell@schneiderwallace.com
Ori Edelstein (SBN 268145)
oedelstein@schneiderwallace.com
Scott L. Gordon (SBN 319872)
sgordon@schneiderwallace.com
Ian W. Forgie (SBN 307721)
iforgie@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Attorneys for Plaintiff and the Putative Class
and Collective

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUNISE LOWE, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> POPCORNOPOLIS, LLC and DOES 1-100, inclusive, <br><br> Defendants. | Case No: _____ <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> (1) **Violations of the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq.);** <br> (2) **Failure to Pay Minimum Wage (Cal. Labor Code § 1194);** <br> (3) **Failure to Pay Overtime Wages (Cal. Labor Code § 510);** <br> (4) **Failure to Compensate for All Hours Worked (Cal. Labor Code § 204);** <br> (5) **Failure to Provide Meal and Rest Periods (Cal. Labor Code §§ 226.7, 512);** <br> (6) **Failure to Provide Accurate, Timely, and Itemized Wage Statements (Cal. Labor Code §§ 226, 226.3);** <br> (7) **Waiting Time Penalties (Cal. Lab. Code §§ 201-203, 225.5, 256);** <br> (8) **Failure to Timely Reimburse for Necessary Business Expenditures (Cal. Labor Code § 2802); and** <br> (9) **Unfair Business Practices (Cal. Bus. & Prof. Code § 17200 et seq.)** <br><br> **DEMAND FOR JURY TRIAL** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Kunise Lowe ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this class action on behalf of herself and all other similarly situated individuals who have worked for Popcornopolis, LLC ("Defendant" or "Popcornopolis") as non-exempt, hourly employees to challenge Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and California wage and hour laws.

2.    This is a class and collective action against Defendant to challenge its policies and practices of (1) failing to pay Plaintiff and putative Class and Collective members minimum wage; (2) failing to pay Plaintiff and putative Class and Collective members overtime wages; (3) failing to compensate Plaintiff and putative Class and Collective members for all hours worked; (4) failing to authorize and permit Plaintiff and putative Class members to take meal and rest breaks to which they are entitled by law and pay premium compensation for missed breaks; (5) failing to provide Plaintiff and putative Class members accurate, itemized wage statements; (6) failing to timely pay Plaintiff and putative Class members wages owed upon the termination of employment; and (7) failing to reimburse Plaintiff and putative Class members for necessary business expenditures.

3.    Plaintiff and members of the putative Class and Collective are current and former employees who worked for Popcornopolis as non-exempt hourly employees throughout the United States.[1] These employees prepare for sale, promote, and sell Popcornopolis' products both at Popcornopolis' own stores and in third-party stores, where Popcornopolis provides free samples of its products to the

---

[1] Although Plaintiff is a former employee, the putative Class includes current and former employees.  For ease of discussion, the allegations are made in the present tense.

1   public. Plaintiff and members of the putative Class and Collective members

2   regularly work over eight hours per day and up to six days per week.

3       4.      Defendant fails to properly pay minimum and overtime wages according

4   to California and federal law. When uncompensated time is factored in, Plaintiff and

5   putative Class and Collective members regularly work over eight hours per day,

6   necessitating the payment of overtime compensation for some of the time that they

7   work. Moreover, Plaintiff and putative Class and Collective members are paid rates

8   at or just above the applicable minimum wage. When the daily pay for these workers

9   is divided by the actual hours that they worked, the effective hourly rate of pay often

10  falls below the applicable minimum wage.

11      5.      Defendant also fails to pay Plaintiff and putative Class and Collective

12  members for all hours worked. In particular, Defendant assigns job duties to these

13  workers that require more than eight hours per day to complete but instructs them

14  that they can only work "on-the-clock" for eight hours per day.  Defendant does not

15  compensate Plaintiff or putative Class and Collective members for the time they

16  work "off-the-clock" to complete their daily tasks.

17      6.      Plaintiff and putative Class members are routinely denied legally

18  compliant meal and rest periods. Often, Plaintiff and putative Class members cannot

19  take meal and rest breaks at all. Even where Defendant provides some sort of meal

20  break, Plaintiff and putative Class members are too busy performing their required

21  duties to have sufficient time to take legally-compliant meal and rest breaks.

22      7.      Defendant does not compensate Plaintiff and putative Class members

23  with premium pay for missed meal and rest periods.

24      8.      Plaintiff and putative Class members do not receive accurate, itemized

25  wage statements. Plaintiff and putative Class members receive wage statements that

26  do not reflect all hours worked, premium pay for missed meal and rest breaks, or

27  applicable overtime premiums.

9.     Plaintiff and putative Class members are not timely paid all amounts owed following voluntary or involuntary termination of employment.

10.     Additionally, Defendant fails to reimburse Plaintiff and members of the putative Brand Ambassador Subclass for business expenses incurred in connection with their work for Defendant.  For example, Defendant requires these workers to use their personals vehicles to travel to third-party store locations to set up and operate the Popcornopolis promotional displays and to use their personal cell phones to communicate with their managers and to record their hours worked.  Despite requiring these workers to incur these expenses on its behalf, Defendant regularly fails to reimburse them for these expenses.

11.     As a result of these violations, Plaintiff seeks compensation, damages, penalties, and interest to the full extent permitted by the FLSA, California Labor Code, and the Industrial Welfare Commission ("IWC") Wage Orders, including for all denied premium pay for missed meal and rest periods, unpaid wages, minimum wages, overtime wages, unreimbursed business expenses, inaccurate wage statements, and waiting time penalties..

12.     Defendant's willful and illegal actions described above also violate the Unfair Competition Law, Business and Professions Code §§ 17200, *et seq*. ("UCL").

13.     Plaintiff also seeks declaratory, equitable, and injunctive relief, including restitution.

14.     Finally, Plaintiff seeks reasonable attorneys' fees and costs under the FLSA, the California Labor Code, and California Code of Civil Procedure § 1021.5.

## **PARTIES**

15.     Plaintiff and the putative Class and Collective members are current or former non-exempt employees employed by Popcornopolis throughout the United States, including in California.

///

16.     Plaintiff is an individual over the age of eighteen and has been a resident of Los Angeles County at all times relevant to this Complaint.  Plaintiff was employed by Defendant from approximately May 2018 until August 2018. Plaintiff worked for Popcornopolis at various locations throughout Southern California, including in Los Angeles and Bakersfield.

17.     Defendant is a Delaware limited liability company with its Principal Executive Office in Vernon, California. Defendant is registered as a foreign business entity with the California Secretary of State and does business in the State of California. On information and belief, Defendant is a specialty retail popcorn company.

18.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Does 1-100, inclusive, are unknown to Plaintiff, who therefore sues the Doe Defendants by fictitious names.  Plaintiff is informed, believes, and thereon alleges that each of these fictitiously-named Defendants is responsible in some manner for the occurrences and Plaintiff's and putative Class and Collective members' damages as herein alleged. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Defendant and Doe Defendants are jointly and severally liable for Plaintiff and putative Class and Collective members' damages.

19.     At all relevant times, Defendant has done business under the laws of the United States, including California; has had places of business in California, including in this judicial district; and has employed Class and Collective members in this judicial district. At all relevant times, Defendant has been an "employer" within the meaning of the FLSA and California law.  Defendant is a "person" as defined in California Labor Code § 18 and California Business and Professions Code § 17201.

///

## JURISDICTION AND VENUE

20.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

21.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.  A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

22.     Plaintiff worked for Defendant as a non-exempt, hourly employee in California from approximately May 2018 until August 2018. She was assigned by Defendant to work at Popcornopolis in-store displays, where she promoted Defendant's product.

23.     Defendant is an American specialty popcorn company that distributes its products nationwide through chain stores, such as Costco Wholesale, and through its own retail locations. Defendant hires workers, like Plaintiff and putative Class and Collective members, to prepare for sale, promote, and sell its products at its own stores and via displays at third-party stores, including but not limited to Costco Wholesale, where it provides free samples of its products to consumers.

24.     Plaintiff is informed, believes, and thereon alleges that Defendant operates six retail stores nationwide, with three located in this judicial district. Plaintiff is also informed, believes, and thereon alleges that Defendant employs more than one hundred "Brand Ambassadors" to promote its products in third-party stores throughout California and the United States.

25.     To conduct its operations, Defendant employs largely hourly, non-exempt employees who are required to handle a variety of tasks, including the setting up and taking down of displays in third-party stores.  This operational

structure is uniform and standardized throughout Defendant's operations.  The

employment conditions for these hourly, non-exempt employees are substantially

similar, if not identical, for Popcornopolis employees throughout the United States,

including in California.

26.    As an employee for Defendant, Plaintiff was assigned to work at in-store displays as a Brand Ambassador throughout Southern California. Her duties included traveling long distances to and from third-party locations, assembling and arranging promotional displays, interacting with members of the public, distributing free samples to shoppers, and dismantling the display.

27.    Plaintiff was paid at a regular rate of $12.00 per hour, just above the California minimum wage in effect during her employment. Plaintiff is informed, believes, and thereon alleges that all other Popcornopolis hourly, non-exempt employees were paid at or near the applicable minimum wage.  Plaintiff regularly worked over 8 hours per shift, and up to 6 days per week.

28.    Defendant requires Plaintiff and putative Class and Collective members to work over 8 hours per day and over 40 hours per week. Defendant assigns job duties to these workers that require far more than 8 hours per day to complete but generally instructs them that they can only work "on-the-clock" for 8 hours per day and denies them compensation for work that they perform beyond this threshold. When the daily pay for these workers is divided by the actual hours that they worked, and required missed break premiums, off-the-clock work, and overtime are factored in, the effective hourly rate of pay often falls below the applicable minimum wage.

29.    In particular, Defendant requires Plaintiff and putative Class and Collective members to set up display booths in third-party locations in order to promote Defendants products.  Plaintiff and putative Class and Collective members work off-the-clock to assemble, set up, dismantle, pack, and ship the display booths.

The display booths' superstructure consists of several large, heavy interlocking metal sheets. After assembly, the booths are approximately three feet tall, seven feet wide, and one-and-a-half feet deep. Plaintiff and putative Class and Collective members serve samples from behind the booth, which resembles the counters commonly used to serve ice cream, and in front of a separate display of ready-to-purchase bags of Defendant's popcorn.

30. Defendant requires that the display remain operating while the store that hosts the display is open for business. Thus, workers must assemble, set up, disassemble, and remove the heavy display booths only when the host store is closed. Once the store in which a Brand Ambassador is working closes, Defendant requires the Brand Ambassador to disassemble the large display booth and prepare it for shipment to the next store. Preparation of the booth for shipment is an involved process: the Brand Ambassador must disassemble the large metal superstructure, dispose of unused sample product, inventory remaining ready-for-purchase product, ensure adequate measures are in place to protect the booth and associate materials during transit, and document each aspect of this preparation for the Brand Ambassador's supervisor. Defendant does not provide sufficient personnel for these workers to both staff the display booth and to assemble, set up, disassemble, and remove the display booths within 8 hours. Instead of paying overtime, Defendant requires Plaintiff and putative Class and Collective members to assemble and prepare the booth, and to disassemble and pack the booth, outside of their scheduled shift times. Plaintiff and putative Class and Collective members are not paid for this time.

31. Defendant also requires these workers to answer work-related calls and respond to emails from other Popcornopolis employees outside of their scheduled shifts, including during the time such employees are traveling to and from the third-party locations at which they promote Defendant's products. Plaintiff and putative

1   Class and Collective members are not paid for this time.

2      32.   Plaintiff and putative class regularly spend at least 20 minutes to 1 hour

3   per day performing such off-the-clock work. Defendant is aware that this

4   uncompensated work is occurring, and indeed pressures the aggrieved employees to

5   underreport their hours. If they do report overtime hours, Defendant punishes them

6   by denying them bonus compensation. Consequently, Plaintiff and putative Class

7   and Collective members are not compensated for all hours worked, much less at the

8   applicable minimum wage, for this off-the-clock time.

9      33.   When the uncompensated time is factored in, Plaintiff and putative Class

10   and Collective members regularly work over 8 hours per day and/or 40 hours per

11   week, necessitating the payment of overtime compensation. However, as a result of

12   its policies and practices, Defendant fails to pay Plaintiff and putative Class and

13   Collective members the required overtime premium for this time.

14      34.   Further, Defendant fails to provide Plaintiff and putative Class

15   members with timely, legally compliant meal breaks. Defendant's policies,

16   procedures, and practices prohibit Plaintiff and putative Class members from taking

17   legally-compliant meal breaks.  These workers are too busy performing their

18   required duties to have sufficient time to take legally-compliant meal breaks.  For

19   example, Defendant requires Plaintiff and members of the putative Brand

20   Ambassador subclass to be continuously present at the promotional display in order

21   to distribute Defendant's product. As a result, these workers are unable to leave the

22   display booth to take legally-compliant meal breaks. When these workers do take

23   meal breaks, they are regularly interrupted or occur only after the 5th hour of their

24   shift.

25      35.   In addition, Plaintiff and putative Class members must remain on-call

26   during meal breaks and are regularly called back to duty during their breaks by

27   telephone calls to their personal phones from Popcornopolis managers.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Kunise Lowe v. Popcornopolis, LLC, et al.*

36.    Worse still, Plaintiff was instructed to report that she took meal breaks at the appropriate time, even though she did not.  Specifically, when Popcornopolis allowed Plaintiff to take meal breaks, the volume of customer demand, combined with Popcornopolis' practice of understaffing the booths, often prevented Plaintiff from taking her meal breaks until well after the fifth hour of her shift.  Then, Plaintiff's supervisors instructed her to inaccurately report her time to show that she timely began her meal break in order to avoid paying her missed break premiums. Plaintiff is informed, believes, and thereon alleges that putative Class members received similar instructions.

37.    Similarly, Defendant does not provide adequate rest periods to Plaintiff and putative Class members. Often, the requirement that the display booths be staffed continuously and the absence of staffing coverage make it impossible for these workers to take two rest periods of at least 10 minutes in length during their typical shifts of eight or more hours. Even where rest breaks are provided, Plaintiff and putative Class members are again required to remain on duty and to return to work when needed.

38.    Defendant does not provide missed break premium pay in lieu of missed and non-compliant meal and rest breaks.

39.    Defendant does not provide Plaintiff and putative Class members with accurate wage statements as required by California law. Plaintiff and putative Class members receive wage statements that do not reflect all hours worked, premium pay for missed meal and rest breaks, or applicable overtime premiums.

40.    Defendant does not provide Plaintiff and putative Class members with full payment of all wages owed at the end of employment. These workers are owed wages and premium pay for all time worked, overtime, and missed meal and rest breaks when their employment ends. These amounts remain unpaid after voluntary and involuntary termination. As a consequence, Defendant is subject to waiting time

1    penalties.

2      41.    Plaintiff and members of the putative Brand Ambassador subclass are

3   also required to pay out of pocket for necessary business expenses incurred in

4   connection with their work but Defendant does not reimburse them for these

5   expenses. Defendant requires these workers to use their personal vehicles to travel to

6   store locations to set up and operate the Defendant's promotional displays. Though

7   Plaintiff and putative Class members use their personal vehicles for these

8   assignments, they are only eligible for mileage reimbursement if they drive over 20

9   miles to a store location. However, Defendant regularly fails to make such mileage

10   reimbursements to Plaintiff and putative Class members – even for assignments

11   involving extensive travel around California. Furthermore, Plaintiff and putative

12   Class members are not reimbursed for the usage of their personal cellphones for

13   work purposes, which they utilize extensively to communicate with Popcornopolis

14   managers and to report their hours worked.

15      42.    Plaintiff is informed, believes, and thereon alleges that Defendant's

16   unlawful conduct has been widespread, repeated, and consistent as to the putative

17   Class and Collective members. Defendant knows or should know that its policies

18   and practices are unlawful and unfair.

19      43.    Defendant's conduct is willful, carried out in bad faith, and has caused

20   significant damages to Plaintiff and putative Class and Collective members in an

21   amount to be determined at trial.

22      **COLLECTIVE ALLEGATIONS UNDER THE FLSA**

23      44.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though

24   fully set forth herein.

25      45.    Plaintiff brings her FLSA claims as a collective action pursuant to 29

26   U.S.C. § 216(b) as to claims for failing to pay Plaintiff and Collective members for

27   all hours worked, including minimum wage and overtime compensation for all

1   hours worked over 40 hours per week, liquated damages, and attorneys' fees and

2   costs under the FLSA.  The FLSA Collective that Plaintiff seeks to represent is

3   defined as follows:

> All current and former hourly, non-exempt employees of Popcornopolis LLC who worked for Popcornopolis LLC in the United States during the time period three years prior to the filing of this Complaint until the resolution of this action.

8   46.    Plaintiff's claims for violations of the FLSA may be brought and

9   maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA

10  because Plaintiff's FLSA claims are similar to the claims of the Collective

11  members.

12  47.    The Collective members are similarly situated, as they have

13  substantially similar job duties and requirements and are subject to a common

14  policy, practice, or plan that requires them to perform work without appropriate

15  compensation in violation of the FLSA.

16  48.    Plaintiff is representative of the Collective members and is acting on

17  behalf of their interests, as well as Plaintiff's own interests, in bringing this action.

18  49.    Plaintiff will fairly and adequately represent and protect the interest of

19  Collective members.  Plaintiff has retained counsel competent and experienced in

20  employment class action and collective action litigation.

21  50.    The similarly situated Collective members are known to Popcornopolis,

22  are readily identifiable, and may be located through Defendant's records.  These

23  similarly situated employees may readily be notified of this action, and allowed to

24  "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively

25  adjudicating their claims for unpaid wages, liquidated damages (or, alternatively,

26  interest), and attorneys' fees and costs under the FLSA.

27  ///

## CLASS ALLEGATIONS UNDER CALIFORNIA LAW

51.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

52.     Plaintiff brings this case as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23.  The putative Class that Plaintiff seeks to represent is defined as follows:

> All current and former non-exempt hourly employees of Popcornopolis, LLC who have been assigned to work at Popcornopolis LLC stores and/or in-store displays in California during the time period from four years prior to the filing of this Complaint until the resolution of this action (the "Class").

53.     The putative Brand Ambassador Subclass that Plaintiff seeks to represent regarding unreimbursed business expenses is defined as follows:

> All current and former hourly, non-exempt employees who worked for Popcornopolis LLC in California as Roadshow Brand Ambassadors or Brand Ambassadors during the time period four years prior to the filing of this Complaint until the resolution of this Action (the "Brand Ambassador Subclass").

54.     This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure 23:

a.     **Numerosity**:  The potential members of the putative Class as defined are so numerous that joinder of all the members of the Class is impracticable.

b.     **Commonality**:  There are questions of law and fact common to Plaintiff and the putative Class that predominate over any questions affecting only individual members of the putative Class.  These common questions of law and fact include, but are not limited to:

///

i.      Whether Defendant fails to compensate putative Class members for all hours worked in violation of the California Labor Code, Wage Orders, and Business and Professions Code §§ 17200 *et seq.*;

ii.     Whether Defendant fails to compensate putative Class members with at least minimum wage for all compensable work time in violation of the California Labor Code, Wage Orders, and Business and Professions Code §§ 17200 *et seq.*;

iii.    Whether Defendant fails to compensate putative Class members with overtime wages for work performed in excess of eight hours in a day in violation of the California Labor Code, Wage Orders, and Business and Professions Code §§ 17200 *et seq.*;

iv.     Whether Defendant fails to authorize, permit, make available, and/or provide putative Class members with compliant meal periods to which they are entitled in violation of the California Labor Code, Wage Orders, and Business and Professions Code §§ 17200 *et seq.*;

v.      Whether Defendant fails to authorize, permit, make available, and/or provide putative Class members with compliant rest periods to which they are entitled in violation of the California Labor Code, Wage Orders, and Business and Professions Code §§ 17200 *et seq.*;

vi.     Whether Defendant fails to reimburse putative Brand Ambassador Subclass members for reasonable business expenses that they incur in violation of the California Labor Code, Wage Orders, and Business and Professions Code §§ 17200 *et seq.*;

vii.    Whether Defendant fails to provide putative Class members with timely, accurate itemized wage statements in violation of the California Labor Code, Wage Orders, and Business and Professions Code §§ 17200 *et seq.*;

viii.    Whether Defendant fails to timely pay putative Class members for all wages owing upon termination of employment in violation of the California Labor Code, Wage Orders, and Business and Professions Code § 17200 *et seq.*; and

ix.    The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the putative Class alleged herein.

c.    **Typicality**:  Plaintiff's claims are typical of the claims of the putative Class and Brand Ambassador Subclass.  Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiff and putative Class members to sustain the same or similar injuries and damages.  Plaintiff's claims are thereby representative of and co-extensive with the claims of the putative Class.

d.    **Adequacy of Representation**:  Plaintiff is a member of the putative Class and Brand Ambassador Subclass, has no conflicts of interest with other putative Class members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour class actions. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

e.    **Superiority of Class Action**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all putative Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each putative Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the Parties and the judicial system. The injury suffered by each Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against

1   Defendant economically feasible. Individualized litigation increases the delay and

2   expense to all Parties and the Court. By contrast, class action treatment will allow

3   these similarly situated persons to litigate their claims in the manner that is most

4   efficient and economical for the Parties and the judicial system. In the alternative,

5   the Class may be certified because the prosecution of separate actions by the

6   individual members of the Class would create a risk of inconsistent or varying

7   adjudication with respect to individual members of the Class, and, in turn, would

8   establish incompatible standards of conduct for Defendant.

9   **<u>FIRST CAUSE OF ACTION</u>**
**Violation of the Fair Labor Standards Act**
10  **29 U.S.C. §§ 201,** *et seq.*
11  **(On Behalf of the Collective)**

12  55.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though

13  fully set forth herein.

14  56.   The FLSA requires that covered employees receive compensation for all

15  hours worked and overtime compensation not less than one and one-half times the

16  regular rate of pay for all hours worked in excess of forty hours in a work week.  29

17  U.S.C. § 207(a)(1).

18  57.   At all times material herein, Plaintiff and the Collective were or are

19  covered employees entitled to the rights, protections, and benefits provided under the

20  FLSA.  29 U.S.C. §§ 203(e) and 207(a).

21  58.   Defendant is a covered employer required to comply with the FLSA's

22  mandates.

23  59.   Defendant has violated the FLSA with respect to Plaintiff and the

24  Collective by, *inter alia*, failing to compensate Plaintiff and the Collective for all

25  hours worked and failing to pay the legally mandate overtime premium.  Defendant

26  has also violated the FLSA by failing to keep accurate records of all hours worked

27  by Plaintiff and the Collective.  29 U.S.C. § 211(c).

60.    Plaintiff and the Collective are victims of uniform and company-wide compensation policies.  These uniform policies, which violate the FLSA, have been applied to Defendant's current and former non-exempt, hourly employees throughout the United States.

61.    Plaintiff and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the complaint because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

62.    Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions did not violate the FLSA and, as a result, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate.  29 U.S.C. § 216(b).

63.    As a result of the aforesaid violations of the FLSA's provisions, Defendant has withheld pay; including minimum wage, straight time, and overtime compensation; from Plaintiff and the Collective.  Accordingly, Defendant is liable for unpaid wages, together with an equivalent amount of liquidated damages; attorneys' fees; and costs incurred in pursuing this action.

64.    Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

### SECOND CAUSE OF ACTION
**Failure to Pay Minimum Wage**
**Pursuant to Labor Code § 1194**
**(On Behalf of the Class)**

65.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

66.    Defendant fails to compensate Plaintiff and putative Class members with

at least the minimum wage for all hours worked or spent in Defendant's control because Plaintiff and the putative Class members are paid at rates at or just above the applicable California minimum, and when the required premium payments for missed breaks, wages for off-the-clock work, and overtime wages are factored in, the actual rate of pay often drops below the applicable California minimum.

67.    During the applicable statutory period, Labor Code §§ 1182.11, 1182.12, and 1197, and the Minimum Wage Order were in full force and effect and required that employees receive the minimum wage for all hours worked at the rate of nine dollars ($9.00) per hour commencing July 1, 2014, and at the rate of ten dollars ($10.00) per hour commencing January 1, 2016 and ending December 31, 2016. For employers with 26 or more employees, the minimum wage for all hours worked was ten dollars and fifty cents ($10.50) per hour from January 1, 2017 to December 31, 2017, inclusive, eleven dollars ($11.00) per hour from January 1, 2018 to December 31, 2018, inclusive, and twelve dollars ($12.00) per hour from January 1, 2019 to December 31, 2019, inclusive.

68.    IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

69.    Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

70.    Because of Defendant's policies and practices with regard to compensating Plaintiff and putative Class members, Defendant has failed to pay minimum wages as required by law.  Plaintiff and putative Class members frequently perform work for which they are compensated below the statutory minimum, as determined by the IWC.

71.    Labor Code § 1194.2 provides that, in any action under § 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employer shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

72.    California law further requires that employers pay their employees for all hours worked at the statutory or agreed upon rate.  No part of the rate may be used as a credit against a minimum wage obligation.

73.    By failing to maintain adequate time records as required by Labor Code §1174(d) and IWC Wage Orders 4-2001(7), Defendant has made it difficult to calculate the minimum wage compensation due to Plaintiff and putative Class members.

74.    Plaintiff and putative Class members have been deprived of minimum wages in an amount to be proven at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2, and 1197.1.

75.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
**Failure to Pay Overtime Wages**
**Pursuant to Labor Code § 510**
**(On Behalf of the Class)**

76.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

77.    Defendant does not properly compensate Plaintiff and putative Class members with appropriate overtime premiums, including time-and-a-half premiums based on their regular rate of pay, as required by California law.

78.    Labor Code § 510(a) provides as follows:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

79.    IWC Wage Order 4-2001(3)(A)(1) states:

[E]mployees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.  Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than … [o]ne and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8)

1  hours worked on the seventh (7th) consecutive day of work in a

2  workweek....

3     80.   Labor Code § 1194(a) provides as follows:

4  Notwithstanding any agreement to work for a lesser wage, any

5  employee receiving less than the legal minimum wage or the

6  legal overtime compensation applicable to the employee is

7  entitled to recover in a civil action the unpaid balance of the full

8  amount of this minimum wage or overtime compensation,

9  including interest thereon, reasonable attorneys' fees, and costs

10  of suit.

11     81.   Labor Code § 200 defines wages as "all amounts of labor performed by

12  employees of every description, whether the amount is fixed or ascertained by the

13  standard of time, task, piece, commission basis or other method of calculation." All

14  such wages are subject to California's overtime requirements, including those set

15  forth above.

16     82.   Defendant's policies and practices of requiring Plaintiff and putative

17  Class members to perform work off-the-clock is unlawful and results in overtime

18  violations. As a result of this unlawful policy, Plaintiff and putative Class members

19  have worked overtime hours for Defendant without being paid overtime premiums in

20  violation of the Labor Code, the applicable IWC Wage Orders, and other applicable

21  law.

22     83.   Defendant has knowingly and willfully refused to perform its obligations

23  to compensate Plaintiff and putative Class members for all premium wages for

24  overtime work.  Defendant is liable to Plaintiff and putative Class members alleged

25  herein for the unpaid overtime and civil penalties, with interest thereon.

26  Furthermore, Plaintiff and putative Class members are entitled to an award of

27  attorneys' fees and costs as set forth below.

84.    As a proximate result of the aforementioned violations, Plaintiff and the putative Class have been damaged in an amount according to proof at time of trial.

85.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION
### Failure to Pay for All Hours Worked
### Pursuant to Labor Code § 204
### (On Behalf of the Class)

86.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

87.    Plaintiff alleges that Defendant willfully engaged and continues to engage in a policy and practice of not compensating Plaintiff and putative Class members for all hours worked.

88.    Defendant regularly requires Plaintiff and putative Class members to perform uncompensated off-the-clock work. As detailed above, Defendant requires Plaintiff and putative Class members to clock out at the end of their shifts and then requires, suffers, and/or permits them to continue working for Defendant's benefit. Likewise, Defendant requires, suffers, and/or permits Plaintiff and putative Class to work Defendant's benefit before clocking in at the beginning of their shifts.

89.    Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or method of calculation."

90.    Labor Code § 204(a) provides that "[a]ll wages … earned by any person in any employment are due and payable twice during each calendar month…."

91.    Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is

1    entitled to recover in a civil action the unpaid balance of the full

2    amount of this minimum wage or overtime compensation,

3    including interest thereon, reasonable attorneys' fees, and costs

4    of suit.

5    92.    Labor Code § 1198 makes it unlawful for employers to employ

6    employees under conditions that violate the Wage Order.

7    93.    IWC Wage Order 4-2001(2)(K) defines hours worked as "the time

8    during which an employee is subject to the control of an employer, and includes all

9    the time the employee is suffered or permitted to work, whether or not required to do

10    so."

11    94.    In violation of California law, Defendant knowingly and willfully

12    refuses to perform its obligation to provide Plaintiff and putative Class members

13    with compensation for all time worked. Therefore, Defendant committed, and

14    continues to commit, the acts alleged herein knowingly and willfully, and in

15    conscious disregard of Plaintiff's and putative Class members' rights. Plaintiff and

16    putative Class members are thus entitled to recover nominal, actual, and

17    compensatory damages, plus interest, attorneys' fees, expenses and costs of suit.

18    95.    As a proximate result of the aforementioned violations, Plaintiff and the

19    putative Class have been damaged in an amount according to proof at time of trial.

20    96.    Wherefore, Plaintiff and the putative Class request relief as hereinafter

21    provided.

22    **FIFTH CAUSE OF ACTION**

23    **Failure to Authorize and Permit and/or Make Available Meal and Rest Periods**

24    **Pursuant to California Labor Code §§ 226.7 and 512**
**(On Behalf of the Class)**

25    97.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though

26    fully set forth herein.

27    98.    Defendant routinely does not make compliant meal periods available to

1    Plaintiff and putative Class members.  Instead, Defendant requires Plaintiff and

2    putative Class members to continue working during these breaks.

3        99.    Defendant also fails to pay Plaintiff and putative Class members one

4    hour of premium pay for missed breaks.

5        100.   Labor Code §§ 226.7 and 512 and the applicable Wage Order require

6    Defendant to authorize and permit meal and rest periods to their employees. Labor

7    Code §§ 226.7 and 512 and the Wage Order prohibit employers from employing an

8    employee for more than five hours without a meal period of not less than thirty

9    minutes, and from employing an employee more than ten hours per day without

10   providing the employee with a second meal period of not less than thirty minutes.

11   Labor Code § 226.7 and the applicable Wage Order also require employers to

12   authorize and permit employees to take ten minutes of net rest time per four hours or

13   major fraction thereof of work, and to pay employees their full wages during those

14   rest periods. Unless the employee is relieved of all duty and employer control during

15   the thirty-minute meal period and ten-minute rest period, the employee is considered

16   "on duty" and the meal or rest period is counted as time worked under the applicable

17   Wage Order.

18       101.   Under Labor Code § 226.7(b) and the applicable Wage Order, an

19   employer who fails to authorize, permit, and/or make available a required meal

20   period must, as compensation, pay the employee one hour of pay at the employee's

21   regular rate of compensation for each workday that the meal period was not

22   authorized and permitted and/or not made available. Similarly, an employer must

23   pay an employee denied a required rest period one hour of pay at the employee's

24   regular rate of compensation for each workday that the rest period was not

25   authorized and permitted and/or not made available.

26       102.   Despite these requirements, Defendant knowingly and willfully refuses

27   to perform its obligations to authorize and permit and/or make available to Plaintiff

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Kunise Lowe v. Popcornopolis, LLC, et al.*

and putative Class members the ability to take the off-duty meal and rest periods to which they are entitled.

103.    Defendant also fails to pay Plaintiff and putative Class members one hour of pay for each off-duty meal and/or rest period that they are denied.

104.    Defendant's conduct described herein violates Labor Code §§ 226.7 and 512. Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and putative Class members are entitled to compensation for the failure to authorize and permit and/or make available meal and rest periods, plus interest, attorneys' fees, expenses, and costs of suit.

105.    As a proximate result of the aforementioned violations, Plaintiff and the putative Class have been damaged in an amount according to proof at time of trial.

106.    Wherefore, Plaintiff and the putative Class relief as hereinafter provided.

## SIXTH CAUSE OF ACTION
### Failure to Provide Accurate Itemized Wage Statements
### Pursuant to Labor Code § 226
### (On Behalf of the Class)

107.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

108.    Defendant does not provide Plaintiff and putative Class members with accurate itemized wage statements as required by California law.

109.    Labor Code § 226(a) provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is

solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated an shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

110. The IWC Wage Orders also establish this requirement. (*See* IWC Wage Order 4-2001(7)).

111. Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

112. Plaintiff seeks to recover damages, costs, and attorneys' fees under this section.

113. Defendant does not provide timely, accurate itemized wage statements

1  to Plaintiff and putative Class members in accordance with Labor Code § 226(a) and

2  the IWC Wage Orders.  The wage statements Defendant provides to employees,

3  including Plaintiff and putative Class members, do not accurately reflect the

4  premium pay to which they are entitled to for missed meal and rest breaks, the actual

5  hours worked, the actual gross wages earned, the actual net wages earned, and the

6  actual hourly rate(s).

7       114.  As a proximate result of the aforementioned violations, Defendant is

8  liable to Plaintiff and putative Class members alleged herein for the amounts

9  described, with interest thereon, in an amount according to proof at time of trial.

10  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth

11  below, pursuant to Labor Code § 226(e).

12       Wherefore, Plaintiff and the putative Class request relief as hereinafter

13  provided.

## SEVENTH CAUSE OF ACTION
### Waiting Time Penalties
### Pursuant to Labor Code §§ 201-203, 225.5, 256
### (On Behalf of the Class)

17       115.  Plaintiff re-alleges and incorporates the foregoing paragraphs as though

18  fully set forth herein.

19       116.  Defendant does not provide Plaintiff and putative Class members with

20  their wages when due under California law after their employment with Defendant

21  ends.

22       117.  Labor Code § 201 provides: "If an employer discharges an employee,

23  the wages earned and unpaid at the time of discharge are due and payable

24  immediately."

25       118.  Labor Code § 202(a) provides:

26      If an employee not having a written contract for a definite period

27      quits his or her employment, his or her wages shall become due

and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

119.    Labor Code § 203(a) provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

120.    Some of the putative Class members, including Plaintiff, left their employment with Defendant during the statutory period, at which time Defendant owed them unpaid wages. These earned, but unpaid, wages derive from time spent working for the benefit of Defendant which went unrecorded and/or uncompensated.

121.    Defendant willfully refused and continues to refuse to pay Plaintiff and putative Class members all the wages that were due and owed to them upon the end of their employment, in the form of wages owed for uncompensated, off-the-clock work, as well as meal and rest period premium pay and unpaid overtime. As a result of Defendant's actions, Plaintiff and putative Class members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

122.    Defendant's willful failure to pay Plaintiff and putative Class members the wages due and owing to them constitutes a violation of Labor Code §§ 201-202. As a result, Defendant is liable to Plaintiff and putative Class members for all penalties owing pursuant to Labor Code §§ 201-203.

123.   Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due.  Therefore, Plaintiff and putative Class members are entitled to such penalties pursuant to Labor Code § 203, plus interest.

124.   As a proximate result of the aforementioned violations, Defendant is liable to Plaintiff and putative Class members alleged herein for the amounts described, with interest thereon, in an amount according to proof at time of trial.

125.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## EIGHTH CAUSE OF ACTION
**Failure to Reimburse for Necessary Business Expenditures
Pursuant to Labor Code § 2802
(On Behalf of the Brand Ambassador Sub-Class)**

126.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

127.   Defendant does not reimburse Plaintiff and putative Class members for necessary business expenditures.

128.   Labor Code § 2802 provides, in relevant part:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer... For the purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

129.   Defendant regularly requires Plaintiff and putative Class members to pay out-of-pocket expenses necessary to perform their daily work assignments.

130.   Defendant is liable to Plaintiff and putative Class members for the unreimbursed expenses and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

131.   As a proximate result of the aforementioned violations, Plaintiff and the putative Class have been damaged in an amount according to proof at time of trial.

132.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### NINTH CAUSE OF ACTION
**Unlawful Business Practices**
**Pursuant to California Business and Professions Code §§ 17200, *et seq.***
**(On Behalf of the Class)**

133.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

134.   Business and Professions Code §§ 17200 *et seq.* (the "UCL") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

135.   Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

136.   Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

137.   Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendant has committed acts of unfair competition as defined by the UCL by engaging in the unlawful, unfair and

fraudulent business acts and practices described in this Complaint, including, but not limited to:

     a.  violations of Labor Code §§ 200, 204, 1194, and 1198 and IWC Wage Orders pertaining to the payment of wages for all hours worked;

     b.  violations of Labor Code §§ 1182.11, 1182.12, 1194.2, and 1197 and IWC Wage Orders pertaining to minimum wage;

     c.  violations of Labor Code § 510 and IWC Wage Orders pertaining to overtime;

     d.  violations of Labor Code §§ 226.7 and 512 and IWC Wage Orders pertaining to meal and rest breaks;

     e.  violations of Labor Code § 2802 pertaining to unreimbursed business expenses;

     f.  violations of Labor Code § 226 regarding accurate, timely itemized wage statements; and

     g.  violations of Labor Code §§ 201-203.

138.  The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq.*

139.  The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200, *et seq.* Among other things, the acts and practices have taken from Plaintiff and putative Class members' wages rightfully earned by them, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

///

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Kunise Lowe v. Popcornopolis, LLC, et al.*

140.  Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendant from repeating the unlawful, unfair and fraudulent business acts and practices alleged above.

141.  As a direct and proximate result of the aforementioned acts and practices, Plaintiff and putative Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

142.  Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and putative Class members are entitled to restitution pursuant to Business and Professions Code §17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint. Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of herself as well as others similarly situated. Plaintiff and putative Class members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

143.  Plaintiff herein takes it upon herself to enforce these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

144.  Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

///

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Kunise Lowe v. Popcornopolis, LLC, et al.*

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the putative Class and Collective she seeks to represent in this action, requests the following relief:

a) For an order certifying that the First Cause of Action in this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the Collective, apprising them of the pendency of this action, and permitting them to assert their FLSA claims;

b) For an order equitably tolling the statute of limitations for the potential members of the Collective;

c) Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA, California Labor Code, and California Business and Professions Code;

d) For a declaratory judgment that Defendant has violated the FLSA, California Labor Code, and public policy as alleged herein;

e) For a declaratory judgment that Defendant has violated California Business and Professions Code §§ 17200 *et seq.*, as a result of the aforementioned violations of the California Labor Code and of California public policy protecting wages;

f) For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

g) For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

h) For an order awarding Plaintiff and the Class members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, and

all other sums of money owed to Plaintiff and Class members, together with interest on these amounts, according to proof;

i)   For an order awarding Plaintiff and Class members civil penalties pursuant to the FLSA, California Labor Code, and the laws of the State of California, with interest thereon;

j)   For an award of reasonable attorneys' fees as provided by the California Labor Code, California Code of Civil Procedure § 1021.5, the laws of the State of California, the FLSA, and/or other applicable law;

k)   For all costs of suit;

l)   For such other and further relief as this Court deems just and proper.

Dated: August 12, 2019

Respectfully submitted,

Carolyn H. Cottrell
Ori Edelstein
Ian W. Forgie
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP

Attorneys for Plaintiff and the Putative Class and Collective

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Kunise Lowe v. Popcornopolis, LLC, et al.*

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.


Dated: August 12, 2019                    Respectfully submitted,

                                          Carolyn Hunt Cottrell
                                          Ori Edelstein
                                          Ian W. Forgie
                                          SCHNEIDER WALLACE
                                          COTTRELL KONECKY
                                          WOTKYNS LLP


                                          Attorneys for Plaintiff and the Putative Class
                                          and Collective